CARMELA DEL POMO AND MICHAEL DEL POMO, HER HUSBAND, RESPONDENTS, v. LOEW, INCORPORATED, A CORPORATION, APPELLANT.

Submitted February 14, 1930—Decided October 20, 1930.

For the appellant, *Heine & Laird.*

For the respondents, *Felix Forlenza.*

PER CURIAM.

This was a suit in the Supreme Court, Essex county, wherein the plaintiffs claim damages for an injury to Carmela

Del Pomo in ascending a steep stairway of a motion picture theatre which was but very dimly lighted, and in turning to descend she tripped, fell and received injuries. Michael, her husband, joined her in the suit, to recover for loss of services and society of his wife and the payment of moneys for medicine, doctor's bills, &c.

The action was tried before Circuit Court Judge Dungan, with a jury, and they returned a verdict in favor of Carmela for $1,000, and of Michael for $700. The defendant appeals from the judgment to this court, and assigns as the sole ground of appeal that the trial court erroneously refused to grant the defendant's motion for a nonsuit.

This motion was not argued by the defendant in this court and is therefore considered to be abandoned. In *Punk* v. *Botany Worsted Mills,* 105 *N. J. L.* 647, we held that this court need not, and ordinarily will not, consider a question not raised or argued in the court below or here, unless it goes to jurisdiction or involves public policy; and neither is involved in the case at bar. *Allen* v. *Paterson,* 99 *N. J. L.* 489, and cases cited (at *p.* 490). Grounds of appeal which are not argued will not be considered. *A. Makray, Inc.,* v. *McCullough,* 103 *Id.* 346.

There is, however, error argued which is not assigned as ground of appeal. It is that the defendant Carmela assumed the risk of injury in the case at bar. This ground was not relied upon on the motion for nonsuit, and was not made a ground of appeal. It cannot now be raised. In *State* v. *Heyer,* 89 *N. J. L.* 187, we held that a question not presented and argued in the court below will be held to have been waived and abandoned, and will not be considered in an appellate tribunal. See, also, *Shaw* v. *Bender,* 90 *Id.* 147.

Let the judgment under review be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN- CHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.